UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| ANDREW A. RUTHERFORD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:19-cv-00241-TWP-DML |
| | ) | |
| KELLY, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**Order Screening Complaint, Dismissing Insufficient Claims, and
Directing Service of Process**

Plaintiff Andrew Rutherford, at relevant times a pretrial detainee at the Floyd County Jail, filed this action pursuant to 42 U.S.C. § 1983. Because Mr. Rutherford is a "prisoner" as defined by 28 U.S.C. § 1915A(c), this Court has an obligation under 28 U.S.C. § 1915A(a) to screen his complaint before service on the defendants.

**I. Screening Standard**

Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint, or any portion of the complaint, if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints such as that filed by Mr. Rutherford are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015) (internal quotation omitted).

## II. The Complaint

The complaint names three defendants: (1) Nurse Kelly; (2) E. Martin; (3) C. Bush; and (4) Lt. B. O'Loughlin.

Mr. Rutherford alleges that on or about October 10, 2019, he was arrested and booked into Floyd County Jail. He informed Officer C. Bush that he was "speed balling" on several drugs and had an abscess on his genital area. He was placed in a cell where he started to have breathing problems and uncontrollable body movements. Officers E. Martin and C. Bush rushed into the cell and began performing sternum rubs. Mr. Rutherford alleges that when he told them he was not having a seizure, they began slamming his face and body into concrete causing his abscess to rupture. The officers handcuffed Mr. Rutherford and placed him on a bench where Nurse Kelly examined him. Mr. Rutherford told Nurse Kelly about his abscess, but she ignored him and only took his vitals. He was returned to the cell where he complained for two days that the abscess was draining. Nurse Kelly reexamined him and told him that the ruptured abscess had caused an infection that spread to his face. His eyes were swollen shut and a scar formed on his face.

Mr. Rutherford requests $100,000 in damages for his medical issue, $100,000 for excessive force by the officers, and an unspecified sum for possible attorney's fees and future medical bills.

## III. Discussion of Claims

Mr. Rutherford's constitutional claims shall be construed as Fourteenth Amendment claims. This is because Mr. Rutherford's constitutional rights as a pretrial detainee are derived from the Due Process Clause of the Fourteenth Amendment, rather than the Eighth Amendment,

which is applicable to convicted prisoners. *See, e.g., Kingsley v. Hendrickson*, —— U.S. ——, 135 S. Ct. 2466, 2475 (2015); *Budd v. Motley*, 711 F.3d 840, 842 (7th Cir. 2013). Thus, the following Fourteenth Amendment claims **shall proceed** against the defendants as alleged above: an excessive force claim against defendants E. Martin and C. Bush and a deliberate indifference claim against Nurse Kelly.

Any claim against Lt. B. O'Loughlin is **dismissed** because Mr. Rutherford does not allege any facts against Lt. O'Loughlin in his complaint that could be construed as a constitutional violation. "Individual liability under § 1983… requires personal involvement in the alleged constitutional deprivation." *Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017) (internal quotation omitted). Mr. Rutherford states that Lt. O'Loughlin processed his grievances at the jail, but he does not allege that he took part in the excessive force or denial of medical treatment. It is well-settled that denying an inmate's grievance or refusing to investigate an incident after the fact does not, by itself, amount to a constitutional violation. *See, e.g., Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009) (dismissing the "contention that any public employee who knows (or should know) about a wrong must do something to fix it.").

This summary of claims includes all of the viable claims identified by the Court. If Mr. Rutherford believes that additional claims were alleged in the complaint, but not identified by the Court, he shall have **through March 13, 2020,** in which to identify those claims.

### IV. Service of Process

The **clerk is directed** pursuant to Fed. R. Civ. P. 4(c)(3) to **issue process** to defendants Nurse Kelly, E. Martin, and C. Bush, in the manner specified by Rule 4(d). Process shall consist of the complaint, dkt. [1], applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Entry.

The **clerk is directed** to terminate Lt. B. O'Loughlin as a party in this action.

**IT IS SO ORDERED.**

Date: 2/13/2020

*signature*

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

ANDREW A. RUTHERFORD
CLARK COUNTY JAIL
CLARK COUNTY JAIL
Inmate Mail/Parcels
501 East Court Avenue
Jeffersonville, IN 47130

Nurse Kelly
Floyd County Jail
311 Hauss Square
New Albany, IN
47150

E. Martin
Floyd County Jail
311 Hauss Square
New Albany, IN
47150

C. Bush
Floyd County Jail
311 Hauss Square
New Albany, IN
47150